1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| MICHAEL CONTI, | Case No.: 10-cv-05198-LHK |
| Plaintiff, | |
| v. | ORDER REMANDING CASE FOR LACK OF FEDERAL JURISDICTION |
| TYCO ELECTRONICS CORP., | |
| Defendant. | |

### I.    BACKGROUND

On October 14, 2010, Plaintiff filed a complaint in the Superior Court of Santa Clara County.  *See* Dkt. No. 1, Ex. A (Compl.).  In the Complaint, Plaintiff seeks "judgment of the non-payment of the bonus of $52,400, for prejudgment interest, for costs of suit, for attorney's fees allowed by law, and for such other relief as the court deems proper."  Compl. at 2.  Defendant was served on October 15, 2010.  *See* Notice of Removal (Dkt. No. 1) at ¶ 1.  On November 16, 2010, Defendant removed this case on the basis of diversity jurisdiction.  *See* Notice of Removal (Dkt. No. 1) at ¶ 3.  In the Notice of Removal, Defendant states that "Conti does not plead with specificity the exact amount of damages he seeks.  However, it is facially apparent from the complaint that the claims are likely to exceed $75,000."  *Id*.  In support of this, Defendant cites Plaintiff's claim for $52,400 and attorney's fees.  *Id*.

On November 30, 2010, Plaintiff moved to remand this case to state court based on a lack of federal jurisdiction due to an insufficient amount-in-controversy.  *See* Motion (Dkt. No. 8) at 2.

1

Case No.: 10-CV-00637-LHK
ORDER REMANDING CASE FOR LACK OF FEDERAL JURISDICTION

United States District Court
For the Northern District of California

1      Plaintiff does not challenge the diversity of the parties or the timeliness of the removal.  In the

2      Motion and in an associated declaration, Plaintiff's attorney represents that his contingency fee is

3      one-third of any recovery.  *Id*.  Because one-third of $52,400 is $17,467, Plaintiff argues that the

4      total amount in controversy is only $69,867, below the $75,000 minimum requirement for amount-

5      in-controversy.  In opposition, the Defendant argues that because Plaintiff's attorney has refused to

6      sign a stipulation stating that he will seek no more than $75,000 on behalf of his client in this case,

7      his representations about the attorney's fees provisions are not credible.  *See* Opposition (Dkt. No.

8      16) at 2.

9          **II.      LEGAL STANDARD**

10         Diversity jurisdiction requires both diversity of parties and that an amount of at least

11     $75,000 is in controversy, exclusive of interest and costs.  28 U.S.C. § 1332(a).  This amount

12     excludes costs, but includes attorney's fees.  *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696,

13     700 (9th Cir. 2007).  If the amount in controversy is less than $75,000, the Court has no jurisdiction

14     to hear the matter and it must be remanded.  *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116

15     (9th Cir. 2004).  "[W]here it is unclear or ambiguous from the face of a state-court complaint

16     whether the requisite amount in controversy is pled . . . a preponderance of the evidence standard

17     [is applied].   The removing defendant bears the burden of establishing, by a preponderance of the

18     evidence, that the amount in controversy exceeds the jurisdictional amount.  Under this burden, the

19     defendant must provide evidence establishing that it is more likely than not that the amount in

20     controversy exceeds that amount."  *Guglielmino*, 506 F.3d 696, 699 (internal citations and

21     quotations omitted).

22         **III.     ANALYSIS**

23         In this case, it is undisputed that the parties are diverse.  *See* Notice of Removal at ¶ 4.  The

24     only question, then, is whether or not the amount-in-controversy meets the $75,000 minimum set

25     by 28 U.S.C. § 1332.  Complaints such as Plaintiff's, stating a specific amount of damages but an

26     unspecified amount of attorney's fees or other damages, are considered "ambiguous" as to the

27     amount-in-controversy.  *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (finding a complaint

28     seeking general damages "in excess of $50,000" plus unspecified punitive damages and attorney's

2

Case No.: 10-CV-00637-LHK
ORDER REMANDING CASE FOR LACK OF FEDERAL JURISDICTION

**United States District Court**
For the Northern District of California

1   fees to be ambiguous about the total amount-in-controversy).   Therefore, it is the Defendant's

2   burden to show, by a preponderance of the evidence, that the amount-in-controversy exceeds

3   $75,000.  *Guglielmino*, 506 F.3d at 699.  Here, the Defendant has attempted to carry this burden by

4   pointing to Plaintiff's request for attorney's fees and "for other such relief as the court deems

5   proper," and arguing that these, in connection with Plaintiff's refusal to stipulate that he will not

6   seek more than $75,000, make it "facially apparent" that the Plaintiff actually seeks more than

7   $75,000.

8        Under Ninth Circuit authority, Defendant has not carried its burden to show that it is more

9   likely than not that the amount-in-controversy in this case exceeds $75,000.  For example, in the

10  *Valdez* case, the defendant argued that "on information and belief," the amount in controversy

11  exceeded $75,000.  *Valdez*, 372 F.3d at 1116.  As stated above, the complaint itself requested

12  general damages in excess of $50,000, plus attorney's fees and punitive damages.  *Id*.  The Ninth

13  Circuit found that the defendant's "conclusory" allegation was not sufficient to show that it was

14  more likely than not that damages would exceed the jurisdicitonal minimum.  *Valdez*, 372 F.3d at

15  1116.  In order to carry its burden, the defendant could rely on "facts presented in the removal

16  petition as well as any 'summary-judgement-type evidence relevant to the amount in controversy at

17  the time of removal.'"  *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir.

18  2003).

19       Here, the Defendant has provided no additional facts to support removal.  Defendant's

20  reliance on Plaintiff's refusal to stipulate that he will not seek more than $75,000 does not suffice.

21  Generally, such stipulations are not enough to defeat jurisdiction when the amount-in-controversy

22  appears to be greater than $75,000 based on the complaint.  *Guglielmino*, 506 F.3d at 698.  Thus,

23  the proper focus for determining the amount-in-controversy is the claim for relief stated in the

24  complaint, and any additional facts introduced by the defendant.  *Angeles v. Monumental Life Ins.*

25  *Co.*, No. C 09-4119 JF, 2010 U.S. Dist. LEXIS 57748 at *8-*9 (N.D. Cal. May 21, 2010)

26  (remanding despite plaintiff's refusal to stipulate to seeking less than $75,000).  Here, the

27  Defendant has raised no more than a "legal possibility" that Plaintiff's claims may exceed $75,000,

28  but this is not enough.  *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403 (9th Cir. 1996).

Case No.: 10-CV-00637-LHK
ORDER REMANDING CASE FOR LACK OF FEDERAL JURISDICTION

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

The complaint seeks damages of $52,400 and attorney's fees, and the attorney for Plaintiff has submitted evidence that his fee agreement provides for one-third of any recovery, or $17,467. The evidence of record therefore suggests that the total amount-in-controversy is less than $75,000, and Defendants have failed to introduce evidence to the contrary. The Ninth Circuit has warned that "[w]here doubt regarding the right to removal exists, a case should be remanded to state court." *Matheson*, 319 F.3d at 1090. Accordingly, this case is hereby REMANDED to the Superior Court of Santa Clara County as this Court concludes it is without jurisdiction to hear this case.

**IT IS SO ORDERED.**

Dated: December 22, 2010

_____
LUCY H. KOH
United States District Judge

4

Case No.: 10-CV-00637-LHK
ORDER REMANDING CASE FOR LACK OF FEDERAL JURISDICTION